NEW-YORK,
May, 1821.

JUDAH
v.
HARRIS.

———————

JUDAH *against* HARRIS.

A promissory note payable " in bank notes current in the city of *New-York*," is a negotiable note within the statute.

This was an action of assumpsit, on a promissory note, tried at the *Chenango* Circuit, in *June*, 1820, before Mr. Chief Justice *Spencer*. The declaration was against the defendant, as the third endorser of a note made by *P. Randall*, dated *Norwich, March* 13, 1818, for 415 dollars 22 cents, payable " at the Branch Bank of the *Manhattan* Company, in the village of *Utica*, in the bank notes current in the city of *New-York*, for value received."

At the trial, the note was proved, and read; and evidence was given as to the notice to the defendant, of the non-payment, which it is unnecessary to state. The jury found a verdict for the plaintiff, subject to the opinion of the Court, on a case made.

*Collier*, for the plaintiff. He cited *Keith* v. *Jones*, 9 *Johns. Rep.* 120. 1 *Burr. Rep.* 459. 1 *Johns. Cases*, 231. 4 *Mass. Rep.* 245. *Chitty on Bills*, 340. 12 *Johns. Rep.* 226. 395.

*Foot*, contra.

WOODWORTH, J. delivered the opinion of the Court. The note in question was payable " *in bank notes current in the city of New-York.*" On the argument, it was contended, that this was not a negotiable promissory note, within the statute. In *Keith* v. *Jones*, (9 *Johns. Rep.* 120.) it was held, that a note payable in *York* state bills or specie, was the same thing as being made payable in lawful current money of the state ; for the bills mentioned, mean bank paper, which is here, in conformity with common usage, regarded as cash. Lord *Mansfield*, in *Miller* v. *Reid*, (1 *Burr.* 457.) observed, " that these notes are not like bills of exchange, mere securities, or documents for debts, nor are so esteemed ; but are treated as money, in the ordinary course and transactions of business, by the general consent of mankind ; and on payment of them, when a receipt is required, the receipts are always given as for money, not as for securities or notes."

In *Handy* v. *Dobbin*, (12 *Johns. Rep.* 220.) it was decided that bank bills could be levied on by execution, and that they are treated, *civiliter*, as money. In the case cited, it did not appear what description of bills had been attached, but there can be no doubt that all current bank paper was intended by the Court. The same general expressions are used in *Holmes* v. *Nuncaster ;* (12 *Johns. Rep.* 396.) and in *Mann* v. *The Executors of Mann*, (1 *Johns. Ch. Rep.* 231.) the present chancellor says, " that the word money may be extended to bank notes, when they are known and approved of, and used in the market as cash."

But it is urged by the defendant's counsel, that bills of *New-Jersey* might be tendered to satisfy this note, and that they cannot be considered as money, unless their circulation be co-extensive with the state.

The principle laid down in *Jones* v. *Fales*, (4 *Mass. Rep.* 245.) is applicable to this case : " *The Court* must take notice, in common with *the People*, that bank notes derive their value, not only from the certainty, but the facility of payment : consequently, that a man in trade in *Boston*, holding a bill issued by a bank, at a distance from *Boston*, can less easily obtain payment, than he could, if the issuing bank was near to him : and that a different facility of pro-

curing payment, may create a difference in their value ;" it was therefore held, that the import of the words, " foreign bills," was not cash, but something differing in value from cash. So, in the present case, the Court will take notice, that notes current in the city of *New-York*, are of cash value throughout the state, and are distinguished, by those words, from other bank notes which are received at a discount, and hence it is immaterial, whether the notes of banks in other states, might be tendered in payment, provided they were current in the city of *New-York* ; in that case, they are considered cash, equally with the current bills of this state. From authority, I cannot perceive any objection to the note in question. It would have been a note under the statute, if payable in bank notes generally ; consequently, it is valid, as such, when confined to a species of bank paper of known cash value. At the trial, testimony was introduced, for the purpose of showing that due diligence had not been used to charge the indorser, but it was not made a point on the argument ; on looking into the case, there appears to be no ground for making that a question. We are, therefore, of opinion, that the plaintiff is entitled to judgment.

Judgment for the plaintiff.