ALBANY,
Oct. 1825.

Leiber
v.
Goodrich.

---

## LEIBER and COLVIN *against* GOODRICH.

A note payable in Pennsylvania or New York paper currency to be current in the state of Pennsylvania, or the state of New York, is not a promissory note for the payment of money within the statute, (1 R. L. 151.)

ON demurrer to the declaration. The plaintiff declared, for that the defendant, on the first day of June, A. D. 1817, at Painted Post, to wit, at Utica, in the county of Oneida, made his certain promissory note in writing, &c. dated the day and year aforesaid, &c. by which he promised to pay one Samuel Lamphear, or bearer, the sum of 200 dollars, in Pennsylvania paper currency, or New York, to be current in the state of Pennsylvania, or the state of New York, (meaning thereby, current money of the state of New York or Pennsylvania,) with interest in two years from the date, to be paid at the maker's dwelling house in Painted Post; that Lamphear, after &c. assigned and delivered this note to the plaintiffs, &c.

General demurrer and joinder.

And the question was, whether this was a promissory negotiable note, for the payment of money, within the statute, (1 R. L. 151.

*C. P. Kirkland,* in support of the demurrer, cited Chit. on Bills, 58; 9 John. Rep. 120; 19. d. 144; 4 Mass. Rep. 245.

ALBANY,
Oct. 1825.

Leiber
v.
Goodrich

*J. Platt,* contra, cited 9 John. Rep. 120 ; 1 John. Ch. Rep. 231 ; 12 John. Rep. 395, 220 : 1 Cranch, 133.

*Curia,* per SUTHERLAND, J. Payment in any bank bills generally current in the state of Pennsylvania, although not current in this state, would satisfy the terms of the note. Its legal effect, therefore, is the same, as though it had been payable merely in bank bills, current in the state of Pennsylvania. Are such bills known, approved of and used in this state as cash ? I believe that, in truth, most of the Pennsylvania bills pass only at a discount in this state. But if the fact be otherwise, it certainly is not so notorious, that we can officially take notice of it. The note, therefore, is not payable in cash, but in something differing in value from cash. Of course, it is not negotiable under the statute. (Chitty on Bills, 58.) In *Jones* v. *Fales,* (4 Mass. Rep. 245,) the note was payable in *foreign bills,* and the Court held, that they would officially understand those terms to mean the paper of country banks, and that they would judicially take notice that such paper, from various causes, might differ in value from cash. *York state bills,* and *bank notes current in the city of New York,* have been held to be equivalent *to lawful current money of the state.* (*Keith* v. *Jones,* 9 John. 120. *Judah* v. *Harris,* 19 John. 144, and the cases there cited.) We may officially take notice, that our own bank paper is, in conformity with common usage and common understanding, regarded as cash. But we cannot be supposed judicially to know the value of the paper currency of other states.

Nor can we intend, from the geographical situation of Painted Post, where the note was payable, that bank bills current in Pennsylvania, were of as much value there, as the bills of our own state. And if such were admitted to be the fact, I am not prepared to say that it would alter the case, unless, from the fact of their being current in that place, their general currency is necessarily to be inferred ; which cannot be pretended.

ALBANY,       I am, therefore, of opinion that the note was not negotia
Oct. 1825.    ble, and the defendant is entitled to judgment on the de-
              murrer.
Malcom
v.                                          Judgment for the defendant.
Rogers.