HARWOOD (TAYLOR v.). See Case No. 13,-794.

———

## Case No. 6,188.

### HASBROOK et al. v. PALMER et al.

[2 McLean, 10.] [1]

Circuit Court, D. Michigan. Oct. Term, 1839.

PROMISSORY NOTES—ASSIGNEES—NEGOTIABILITY—"NEW YORK FUNDS."

1. A note executed in Michigan, payable in New York, in New York funds, or their equivalent, is not negotiable, within the statute.

2. To bring a note within the statute it must be payable in money, and not in stocks, funds, or current paper.

[Cited in Fry v. Rousseau, Case No. 5,141.]

3. And it must be for a sum certain, subject to no conditions.

4. What shall constitute New York funds, within the contract, is not clear. And what shall be held to be equivalent to New York funds, within the contract, is still less clear.

[Cited in Capron v. Capron, 44 Vt. 411.]

[At law. Action by Hasbrook and Seaman against Palmer and Clark.]

Williams & Ten Eyck, for plaintiffs.
Mr. Frazer, for defendants.

OPINION OF THE COURT. This action is brought by the plaintiffs as assignees on a promissory note, payable at New York, in New York funds, or their equivalent. The defendants demur specially; and for cause of demurrer state, that it is not averred in said declaration of what value the said New York funds or their equivalent in the declaration were at the time and place of payment, and that said note is not negotiable. The Michigan statute in regard to the negotiability of promissory notes, is similar to the statute of Anne, which has been generally adopted in this country. And the principal question under this demurrer is, whether the note, on which this action is brought, being

payable in New York funds or their equivalent, is negotiable.

The plaintiffs rely on the decision in the case of Keith v. Jones, 9 Johns. 120, where it was held, that a note payable to A, or bearer, in "New York state bills, or specie," was negotiable within the statute, upon the ground that the bills mentioned meant bank paper, which, in conformity with general usage and understanding, are regarded as cash; and, therefore, that the meaning was the same as if payable in lawful current money of the state. And, also, on the case of Judah v. Harris, 19 Johns. 144, where it was decided that a promissory note, payable at a particular place, in the bank notes current in the city of New York, was negotiable within the statute. And it is insisted that the promise to pay in New York funds, or their equivalent, is equivalent to an undertaking to pay in lawful current money of the state of New York. That it is generally understood New York funds means specie, or a currency equal to specie, and that the drawer of the note promises, substantially, to pay in current New York money.

In support of the demurrer it is contended that to be negotiable a note must be for the payment of money only, and this is laid down in Chit. Bills (Ed. 1839) 152. He says, it is the first and principal requisite, and is established by foreign as well as English law, that a bill or note must be for the payment of money only. That it cannot be for the delivery or payment of merchandise, or other things in their nature susceptible of deterioration and loss and variation in value; nor can it be for payment in good East India bonds, or for the payment of money by a bill or note. Clarke v. Percival, 2 Barn. & Adol. 660. Bull. N. P. 272. A promissory note not payable in cash, or specific articles, is not negotiable. Matthews v. Houghton, 2 Fairf. [Me.] 377; Johnson v. Baird, 3 Blackf. 153. A note payable to A B, or order, in good merchantable whiskey, at trade price, cannot be sued by an assignee, or bearer, in his own name. Rhodes v. Lindly, Ohio Cond. R. 465. A note for a certain sum, payable to A, or order, "in foreign bills," (meaning thereby bills of country banks) has been held not to be a good promissory note within the statute, and consequently not negotiable. Jones v. Fales, 4 Mass. 245. In the case of Leiber v. Goodrich, 5 Cow. 186, the court held, a note payable in Pennsylvania or New York paper currency is not a promissory note for the payment of money, within the statute. And in the case of M'Cormick v. Trotter, 10 Serg. & R. 94, the court decided that a promissory note payable to A B, or order, for five hundred dollars, in notes of the chartered banks in Pennsylvania, was not a negotiable note on which the indorsee can sue in his own name. In South Carolina it has been decided that paper medium is not money; and that, therefore, a note payable in paper medium is not assignable within the statute of Anne

———

[1] [Reported by Hon. John McLean, Circuit Justice.]

and their act; and on a verdict for the assignee of such a note, judgment was arrested. Lange v. Kohne, 1 McCord, 115; M'Clarin v. Nesbit, 2 Nott & McC. 519.

The cases cited in the 9th and 19th Johns. seem not to be sustained by the current of decisions in this country and in England; and it is difficult to distinguish those cases from the decisions cited, so as to maintain their consistency. If this, indeed, were practicable, it is not necessary to the decision of the question raised by this demurrer. What is understood in this state by New York funds, or their equivalent, may be a matter of doubt; nor does it seem to be of a nature which can be resolved by evidence, so far as regards the question under consideration. The term "New York funds," it is presumed, may embrace stocks, bank notes, specie, and every description of currency which is used in commercial transactions. But whether is meant the funds of the state generally, or of the city of New York, is not clear. The presumption is in favor of the latter, but this is by no means certain. In this respect, as well as what constitutes New York funds, the face of the note is indefinite. It is, indeed, susceptible of different interpretations, and for this reason it cannot be considered a negotiable instrument within the statute. It is not a note, in the language of the decisions, payable in money. It is payable in New York funds, or their equivalent. Now what is equivalent to New York funds? The answer is their value; their value in specie or in current paper which passes at a discount. Might not the drawer pay this note in this description of paper, making up the discount? Would not this, in the language of the contract, be equivalent to New York funds? It would be equivalent if of equal value. The demurrer must be sustained.