Wood, C. J.
The consideration of the fifth assignment of error involves the whole inquiry necessary to be made, in order to determine whether any error intervened in the overruling the demurrer, admitting the instrument in evidence in support of the common counts, and the judgment which followed.
In other words, and to be more precise, is the instrument in question a negotiable promissory note ? If it is, the action is well brought in the name of the indorsees; the declaration is in all respects sufficient, and the ruling and judgment of the Court of Common Pleas is without legal fault, and should be sustained by this Court.
The negotiability of paper is a subject within the province of legislation, and the statute of this State has made all bonds, promissory notes, &c., drawn for any sum or sums of money *121 certain, and payable to any person or order, or any person or bearer, &c., negotiable by indorsement thereon. This instrument is clearly within both the letter and spirit of the statute, if it is payable in a sum of money certain. The counsel for the plaintiff in error, however, claim that two hundred dollars in current Ohio bank notes, is not two hundred dollars in money certain; because bank notes are not money, but promises for money. Tliey are not a legal tender, it is true; they are neither silver nor gold: but current bank notes are the representatives of both. By the business community they are considered as cash in hand by those who have them in possession. Ask A for a loan of $1,000 — he counts it to you in bank paper. If you promise to pay $1,000 in money, you count it to your creditor in bank paper. The sense and understanding of business and moneyed mien, is that, for ordinary purposes at least, it is money or cash. By a devise of all his money, the bank notes in the testator’s safe pass to the legatee ; 1 Roper, p. 3. The Supreme Court of this State have, on the circuit, repeatedly held that a note payable in current bank notes', was payable in money, and negotiable; Morris v. Edwards, 1 Ohio C. Rep. 85. The same rule has been laid down by the Supreme Court of New York; 9 J. Rep. 120; 19 J. Rep. 144. And in Pennsylvania it has been decided, that a note payable in foreign bank notes is not negotiable; while one payable in the notes of that State would be, if current, within the rule-A different course of decision has prevailed in some of the States, and in England, but the authority of our own Court for many years should not be departed from when no evil is seen to grow out of its adjudications on this subject.

Judgment Affirmed.