PATTON, appellant, v. DODGE.

*Evidence — account — reading to witness evidence already given.*

In an action for money loaned, the fact of the loan was denied, and defendant examined witnesses to show that both plaintiff and defendant belonged to the same regiment; that the money in question was used in raising the regiment, and that plaintiff had presented an account for the same sum to the council of officers, and it had been allowed. It appearing that the account was in writing, plaintiff objected on the ground that the account itself should be produced, but the referee allowed the evidence. *Held,* no error.

Upon an examination in chief a question put to a witness was objected to, whereupon, and before the question was announced, the counsel conducting the examination proposed to read to the witness his evidence already given on the same subject, but the referee refused to allow it to be done. *Held,* no error.

APPEAL, from a judgment in favor of defendant entered upon the report of Benjamin H. Hall, Esq., referee.

The action was brought to recover an alleged balance of $319, claimed to be due the plaintiff from defendant on account of a loan of money.

The answer was, 1st. A general denial; 2d. Payment; 3d. Accord and satisfaction; 4th. Arbitrament and award.

The referee found two facts: 1st. That the plaintiff did not lend or advance to defendant, nor did defendant borrow or receive from plaintiff, the sum of $404, or any other sum on the 29th of January, 1863; 2d. The defendant is not indebted to the plaintiff for any sum of money or interest whatever.

*E. F. Bullard,* for appellant.

*E. L. Fursman,* for respondent.

P. POTTER, J. If the judgment is erroneous, it is on account of some ruling of the referee made on the trial. The first objection arises upon the testimony of one of plaintiff's witnesses. After a somewhat lengthy examination by plaintiff's counsel he was asked a question which the defendant objected to. Whereupon, before the question was answered, plaintiff's counsel proposed to read to the witness his testimony already given. This was objected to by the defendant, and the objection sustained; as I think properly.

The next objection arose on defendant's proof that all the officers of the regiment, of which plaintiff was one, had an agreement among themselves about the expenses of raising a regiment of men, and that the plaintiff's claim arose out of money raised for such expenses. The witness was testifying as to this agreement, by stating a conversation between the officers of the regiment. Plaintiff's counsel objected to the evidence because plaintiff was not present. Defendant's counsel then stated that he expected to connect the plaintiff with the contract testified to, with the understanding that if he failed to do so, the evidence should be stricken out. The testimony was received. There was subsequent evidence of plaintiff's assent to this arrangement, and no motion was made to strike out the evidence admitted.

The plaintiff also took exception to the ruling of the referee in permitting one of the witnesses to testify whether a certain account which plaintiff had presented against the regiment for audit, to a

council for that purpose, contained a claim for the sum of $404, on the ground that the account itself, which was the best evidence, should be produced. The evidence asked for was only secondary evidence in the case, and it is not within the rule of the cases where the instrument is the basis upon which the issue depends. See *Chrysler* v. *Renois*, 43 N. Y. 212, and cases cited. And the same rule seems to apply to all the objections to the same character of evidence, under the third point of the plaintiff.

There are several other objections and exceptions taken by the plaintiff to the ruling of the referee, which taken abstractly, separated from other matters in the case qualifying or affording a reason for the decision, might seem technically to be error. But upon examination of the whole case, together, there is found no such erroneous rulings as require a reversal of the judgment.

*Judgment affirmed.*

MILLER, P. J., concurred.