Miller, J.
The questions presented upon this appeal, are not free from embarrassment, which mainly arises from a want of harmony in the adjudications which relate to and have a bearing upon the principle involved.
*268 The instrument upon which the action is brought was a certificate of a savings bank to the effect that the defendant had deposited a certain sum payable to the order of himself in current bank notes on the return of the certificate with interest and indorsed by the defendant. It is conceded that unless the instrument was in the nature of commercial paper negotiable by indorsement that the plaintiff could not maintain the action against the indorser. This question should be primarily considered. It is laid down in Parsons on Bills (vol. 1, page 26), that a certificate of deposit in the usual form possesses all the requisites of a negotiable promissory note and that such is the prevailing opinion. Numerous cases are cited, mainly from other States to sustain this doctrine. In Miller v. Austen (13 How. [U. S.], 218, 228), this very question was distinctly presented and the same principle was upheld. Catron, J., who delivered the opinion of the court says, “ the established doctrine is that a promise to deliver or to be accountable for so much money, is a good bill or note.” * * * “ Every reason exists why the indorser of this paper should be held responsible to his indorsees that can prevail in eases where the paper indorsed is in the ordinary form of a promissory note, and as such note the State courts have generally treated certificates of deposit payable to order, and the principle adopted by the State courts in coming to this conclusion are fully sustained by the writers of treatises on bills and notes.”
In this State we are not without authority upon the subject, and in Bank of Orleans v. Merrill (2 Hill, 295), where the action was upon a certificate of deposit, it was said that the instrument in question was in effect a promisory note. (See Levitt v. Palmer, 3 N. Y., 19, 34, 35; Barnes v. Ontario Bank, 19 id., 152.) In the last case cited the action was brought to recover the amount of a certificate of deposit and it was held that a bona fide holder could recover against the bank although the cashier had put it in circulation with the fraudulent design of diverting the funds of the bank, and that the indorser was also liable upon said certificate. In the *269 opinion, by Comstock, J., it was said in reference to an instrument of this kind: “ A certificate is a promissory note.” And in the opinion of Allen, J. : “ The certificate was a negotiable instrument.” This case is directly in point and, I think, settles the question in this State unless it has been overruled in other or subsequent cases.
It is insisted by the defendant’s counsel that the instrument represents a receipt or deposit and not a loan, and reliance is placed upon some reported cases which it is proper to notice. In Hotchkiss v. Mosher (48 N. Y., 478), some remarks are made in the opinion as to the nature of a certificate, and it is said to be an acknowledgment of money deposited with the bank, and was of the same force and effect as a receipt for money. While this definition may be very true generally it may be remarked that no such question was raised as is presented in the case at' bar, and therefore it has no application. The same observation will apply to Payne v. Gardiner (29 N. Y., 171), which was an action upon a receipt for money. The court state the distinction between a loan and a deposit, and hold that a demand is necessary in case of a deposit before an action can be brought while it is otherwise in case of a loan. It may also be said in regard to definitions of this kind, that their weight depends upon their pertinency to the case considered as well as other circumstances and they cannot be regarded as controlling against an express authority directly in point. (See Bank of Orleans v. Merrill; Barnes v. Ontario Bank, supra.) The case of Paterson v. Poindexter (6 Watts & Serg. 227), directly sustains the defendant’s theory, but it is not sufficient to overcome the strong current of authority the other way and overrule the decisions of the courts of this State.
It is further urged that the instrument in question is not commercial paper for the reason that it is made payable in current bank notes instead of money. The authorities in this State, I think, are adverse to this position. In Keith x. Jones (9 J. R., 120), the note upon which the action was brought was declared to be payable in “ York State bills or *270 specie,” and it was said that it u is the same thing as being made. payable in lawful current money of the State, for the bills mentioned mean bank paper, which is here in conformity with common usage and common understanding regarded as cash.” In Judah v. Harris (19 J. R., 144), a promissory note, payable “in bank notes current in the city of New York,” was held to be a negotiable note within the statute. It is said that these decisions were placed upon the ground that the court could take judicial notice that such bills are equivalent to specie. The same rule may well apply here, as “ current bank notes ” are notes or bills used in general circulation as money, and constituted the general currency of the country recognized by law at the time and place where pay-. ment was to be made and demanded. These notes which were in circulation, when the certificate was given and payment demanded, were almost entirely of one kind authorized by the government as currency. They thus being lawful money of the United States, the court were bound to take judicial notice of that fact. The cases of Lieber v. Goodrich (5 Cow., 186), and Thompson v. Sloan (23 Wend., 77), are not in conflict with Heath v. Jones, and Judah v. Harris (supra). Although the doctrine of the latter was doubted in 3 Kent’s Commentaries, pages 75 and 76, and in some of the State courts it is held that a note payable in current funds is not negotiable, it is safe to follow the adjudications in this State as settling the law upon the subject. Even although a demand was necessary upon the bank before an action could be brought against it on the instrument, thus distinguishing the case from that of a promissory note, where the maker may b$ sued without any demand, I do not think that this fact takes away the negotiable character of the instrument under the decisions cited, and it must, therefore, be considered as possessing all the features of a negotiable promissory note.
If the instrument in question can be regarded as a negotiable promissory note, then the defendant remained liable as an indorser until an actual demand was made, and the holder is not chargeable with neglect for omitting to make such *271 demand within any particular time. It is directly within the rule established in Merritt v. Todd (23 N. Y., 28). Although this leading case has been criticised, commented upon, and, in some of the opinions, considered as establishing a rule which should not be extended, yet it stands as a controlling authority and cannot be disregarded. It is true that the instrument in the case last cited was a simple promissory note, but the same principle is applicable here as in that case, and cannot be overruled.
The judge has found that the plaintiff, having kept and retained the certificate from June 8, 1872, until December 24, 1872, before having presented it for payment, was guilty of laches. Within the rule laid down of Merritt v. Todd, it was a continuing security as between indorsee and indorser; and the latter was liable until an actual demand was made, and the holder cannot be chargeable with neglect because the demand was not made within any specified time. If, for any reason, a different rule should be deemed appropriate, it is by no means clear upon the facts that the time was unreasonable under the circumstances existing. The bank was adjudged a bankrupt on the twelfth of September, a little over two months after the instrument passed into the plaintiff’s hands, and as nothing would be gained to the defendant by a presentment immediately afterward no injury could have accrued, and therefore there was no such laches as would prevent a recovery.
The defendant also claims that if the certificate is held to be a promissory note it is void under the Constitution (art. 8, § 4), and section 14 of the charter of the bank (chap. 816, S. L. of 1868), which provides that said corporation shall possess the general powers and be subject to the liabilities and restrictions of the Revised Statutes (2 R. S. [5th ed.], § 4, 596), which enacts that “ no corporation, not expressly incorporated for banking purposes, shall, by implication or construction, be deemed to possess the power of discounting bills,” etc. The answer to this position is, I think, that the bank had authority, under its charter (§ 5), to receive money and *272 give a certificate for the same at any rate of interest not exceeding that allowed by law. This was all that the bank did. The certificate was not issued for a loan or for circulation as money, but, as appears on its face and as the proof showed, for money which had been deposited. It belonged to the defendant when delivered, and was subject to his order, without any authority of the bank to control it. The right of the bank to make such a certificate, for money actually deposited, is clearly distinguishable from cases where they are issued for other purposes in violation of law, as in 2 Hill, 241 and 295.
The judgment was right, and must be affirmed.
All concur.
Judgment affirmed.