### BOOKHEIM *v.* ALEXANDER *et al.*

*(Supreme Court, General Term, Third Department.* July 2, 1892.)

**1. BONA FIDE INDORSEE OF NOTE—WHO IS—PRIOR EQUITIES.**
Since one to whom a note was indorsed before maturity in payment of a debt due . him, and for a cash consideration, ·is a *bona fide* holder for value, he is unaffected by a failure of consideration for the indorsement of the note to his indorser by the payee, and evidence thereof is inadmissible.

**2. SAME—QUESTION FOR JURY.**
The court erred in holding, as a matter of law, that one was a *bona fide* indorsee of a note for value on his testimony that it was indorsed to him before maturity for value, corroborated only by his possession and the indorsement.

Appeal from circuit court, Albany county.

Action by William Bookheim against Thomas Alexander and others. From a judgment for plaintiff entered on a verdict directed by the court, Alexander appeals. Reversed.

Argued before MAYHAM, P. J., and PUTNAM, J.

*Nathaniel Niles,* (*Albert Hessberg,* of counsel,) for appellant. *Henry E. Stern,* (*Andrew Hamilton,* of counsel,) for respondent.

MAYHAM, P. J. This action was prosecuted upon a promissory note made by John H. Ruso and Harriet L. Ruso, payable to Thomas Alexander, and by him transferred by indorsement before maturity to John G. Myers, who indorsed the same before maturity, and transferred it to the plaintiff. The action is prosecuted against the makers and first indorser of the note. The answer put in issue all of the allegations of the complaint, except the execution and delivery of the note. The proof shows that the defendant Alexander indorsed this note, and transferred it to John G. Myers, receiving for it at the time $10 in money. Myers transferred it to plaintiff for $20 cash, and a credit of $8 for meat, which he bought of plaintiff on `an agreement to pay cash. The defendant Alexander testified in his own behalf, under objection of the plaintiff, to the transaction between him and Myers at the time he let Myers have the note, that he was boarding at Myers' hotel, and wanted money, and got a loan of $10, and left the note with Myers as security, and at the same time wrote his name on the back of the note, at Myers' request. This was before the note became due. He also testified that he offered to pay Myers the $10 he got of him at the time he let him have the note, and $5 for the use of it. This evidence was objected to by the plaintiff, and stricken out,

on his motion, and, at the conclusion of all of the evidence, the trial judge directed a verdict for the plaintiff for the amount of the note and interest, on which judgment was entered. The defendant insists that the plaintiff was not a *bona fide* holder of this note for value, and that he therefore took this note subject to all the equities existing against it in the hands of Myers, and that, as between Myers and Alexander, there never was a *bona fide* transfer of the note, but that Myers took it as security for a loan of $10. Whether this contention is sound depends upon the transaction between the plaintiff and Myers. The legal presumption arising from the transfer is that he took it before maturity and for value. In *Bank* v. *Crow*, 60 N. Y. 87, it was held that the holder of a negotiable promissory note is presumed to be a *bona fide* holder for value, without notice of any defense to the instrument, and proof of want of failure of consideration between the original parties did not change that presumption, or put the holder to proof of the consideration upon which he received the paper. In the same case it was held that when the note was taken by the holder before maturity, and paid for in part in cash, and the balance in payment of a past-due note of the indorser, the holder became a *bona fide* holder for value, (citing *Brown* v. *Leavitt*, 31 N. Y. 113; *Pratt* v. *Coman*, 37 N. Y. 440; *Chrysler* v. *Renois*, 43 N. Y. 209; *Weaver* v. *Barden*, 49 N. Y. 286;) and holds that a verdict for the plaintiff was properly directed by the court. The points discussed and disposed of in the above cases are applicable to the case at bar. The plaintiff received the note before maturity. He paid cash at the time in part, and turned in a cash obligation of the indorser in part payment of the balance. The plaintiff, within these authorities, being a *bona fide* holder of this note, it was not error to exclude the testimony of the defendant Alexander as to the equities existing between him and Myers, his indorsee. By indorsing the note and putting it in circulation, a subsequent holder became entitled to rely implicitly upon such indorsement, and he is estopped from denying the validity of that indorsement as against an innocent holder of the note, without notice of any equities in favor of the indorsee.

But it is insisted on the part of the defendant that all of these facts depend upon the testimony of the plaintiff, and that, as there was no other witness to support the plaintiff's case than himself, the case should for that reason alone have been submitted to the jury, and the refusal of the learned judge to submit it was for that reason error, for which the judgment should be set aside. With the testimony of the defendant out of this case, its determination must to a great extent depend upon the credence that attaches to the testimony of the plaintiff. His testimony, with the corroboration only of the possession of the note and the indorsement of the defendant, established his right of recovery, if that right is established in this action. It has been repeatedly held that when the plaintiff's right to recover rests solely on his testimony, or when his evidence is a necessary element to a recovery, and stands alone, the credit to which he is entitled is a question for the jury. In *Joy* v. *Diefendorf*, (N. Y. App.) 28 N. E. Rep. 602, the principal defense relied upon to defeat a recovery was that plaintiff was not a *bona fide* holder of the note, and the only witness on the part of the plaintiff to establish that proposition was the plaintiff's own evidence, and a verdict for the plaintiff under the direction of the court was set aside, and judgment entered thereon reversed, on the ground that the question should have been submitted to the jury. To the same effect is the case of *Vosburgh* v. *Diefendorf*, 119 N. Y. 357, 23 N. E. Rep. 801; *Bank* v. *Diefendorf*, 123 N. Y. 191, 25 N. E. Rep. 402. We think this case comes within the principle of those decisions, and that this case under proper instructions should have been submitted to the jury, and that the refusal of the learned judge to submit it on the request of the defendant's counsel was error.

Judgment reversed, and a new trial ordered, costs to abide the event.