# 134                    STAY v. DU BOIS.

SYLVESTER STAY, Appellant, v. CHARLES V. DU BOIS, Respondent.

*Exclusion of a person from a theater because of his color — Penal Code, § 383 —
right to sue therefor — a question of veracity is for the jury.*

The exclusion of a person from a theater because of his color is a violation of
section 383 of the Penal Code, and such person has a right of action against the
person conducting such theater.

Section 383 of the Penal Code imposes a duty upon a person conducting an opera
house to grant to a colored person the same privileges that are granted to all
other citizens.

When a statute imposes a duty upon a public officer, any person having a special
interest in the performance thereof may sue for a breach of such duty causing
him damage.   The same is true of a duty imposed by statute upon any
citizen.

When the question whether a defendant had released his control over an opera
house for a certain evening, and whether he asked the doorkeeper to admit the
plaintiff, depends upon the testimony of the defendant alone, and upon his
veracity, the plaintiff has a right to have the question submitted to the jury.

APPEAL by the plaintiff, Sylvester Stay, from a judgment of the
County Court of Ulster county in favor of the defendant, entered
in the office of the clerk of the county of Ulster on the 22d day of
May, 1893, dismissing the plaintiff's complaint upon the merits and
for costs, with notice of an intention to bring up for review on such
appeal the order dismissing the complaint.

*G. D. B. Hasbrouck,* for the appellant.

*A. S. Newcomb,* for the respondent.

HERRICK, J.:

The plaintiff brings this action against the defendant, who is the
lessee of an opera house in the city of Kingston, alleging that he
purchased tickets for himself and wife to attend a theatrical per-
formance at such opera house; that on presenting himself for
admission he was refused seats therein by reason of his being a
colored man.

Upon the trial there was a conflict of evidence as to the reason
of his exclusion; the defendant claimed that he did not have
control of the admissions, and that in pursuance of a contract with
the company giving the performance such company had charge of

the hall that evening ; and the defendant further stated that he requested the doorkeeper to admit the plaintiff.

At the close of the evidence the court dismissed the complaint, saying : " I am inclined to dismiss the complaint on the ground that, no matter what relation existed between the defendant and the Tuxedo Company, he (Du Bois) requested the manager to admit the plaintiff, which was refused. I do not know as he ought to be responsible for the wrong done that evening."

To which ruling the plaintiff excepted, and asked that he might go to the jury upon the question as to whether the defendant was responsible for the act of the doorkeeper, and as to whether the plaintiff was excluded from the opera house by Mr. Du Bois, and also upon the question of fact connected with this contract between Du Bois and this company, upon the ground that certain testimony which Mr. Du Bois had given in the case had been contradicted by two witnesses of veracity, and on the veracity of Mr. Du Bois and upon all the facts at issue in the case.

The court refused to permit the plaintiff to go to the jury upon such questions, and stated : " The point upon which I dismiss the complaint is, it seems to me, that the defendant did not control the doorkeeper, and was not responsible for his acts."

If the plaintiff was excluded from the theater because of his color, it was in violation of section 383 of the Penal Code of the State ; by that, the duty was imposed upon the defendant, as the one conducting the opera house, to grant to the plaintiff the same privileges as were granted to all other citizens, and for neglect or breach of that duty as to the plaintiff, he has a right of action, although it may also be punished criminally.

" When a statute imposes a duty upon a public officer, it is well settled that any person having a special interest in the performance thereof may sue for a breach thereof causing him damage, and the same is true of the duty imposed by statute upon any citizen." ( *Willy* v. *Mulledy*, 78 N. Y. 310–314 ; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Abb. Ct. App. Dec. 458.)

The question whether the defendant had released his control over the opera house for the evening in question, and whether he asked the doorkeeper to admit the plaintiff, are questions that depend upon the testimony of the defendant alone, and upon the question.

of his veracity; upon these questions the plaintiff had a right to go to the jury. (*Bookheim* v. *Alexander*, 46 N. Y. St. Repr. 200, and cases cited.)

I think, therefore, that the trial court erred in dismissing the complaint, and that the judgment entered thereon should be reversed and a new trial granted, with costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed, new trial granted, costs to abide the event.