(23 App. Div. 26.)

### KRAFT v. PHIPPS.

(Supreme Court, Appellate Division, Second Department. December 7, 1897.)

PLEADING AND PROOF—VARIANCE.

> In an action for money had and received by the defendant for the use of the plaintiff, the source from which it was so received has no importance, either in allegation or proof, unless the variance is such as to mislead the defendant, within the meaning of Code Civ. Proc. § 539.

Appeal from special term, Westchester county.

Action by Frederick W. Kraft against Edward L. E. Phipps. From a judgment for plaintiff, defendant appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Frederick W. Holls, for appellant.
Ralph E. Prime, for respondent.

BRADLEY, J.    The action is for money alleged to have been had and received by the defendant to and for the use of the plaintiff. While it is so treated by the defendant's counsel, it is insisted that there is a fatal variance between the pleading and proof, for the asserted reason that the allegation of the complaint that the money in question was received from insurance companies is not sustained by the evidence, because the proof is that the money came to the defendant from the plaintiff.    The evidence would nevertheless go in support of an alleged cause of action for money had and received to and for the use of the plaintiff.    The source from which it was received by the defendant has no importance, either in allegation or proof, unless the variance is such as to mislead the defendant, within the meaning of the statute.    Code Civ. Proc. § 539.    And unless the cause of action as alleged in the complaint is unproved, in its entire scope and meaning, it is not a case of variance, in the legal sense of the term.    Id. § 541.    It is difficult to see any force in that contention on the part of the defendant.    The facts out of which the alleged cause of action arose were that the defendant, an insurance agent, having placed insurance through several companies upon the plaintiff's buildings, which were afterwards destroyed by fire, was employed by the plaintiff to collect from the companies the amounts of their policies, and for that purpose the plaintiff and defendant entered into an agreement that the latter should receive for his services in that behalf 5 per cent. of the amount collected.    Thus far there is no dispute.    But while the defendant insists, by his evidence, that he was also to have 50 per cent. of the amount which he should collect of the companies in excess of a specified sum, the evidence of the plaintiff is that the defendant was to receive $150, only, beyond the 5 per cent.    The adoption by the trial court of the latter view resulted in the recovery by the plaintiff.    The amount collected of the insurance companies was upward of $26,000, in payment of which the companies delivered to the defendant their bank checks, payable to the order of the plaintiff.    Those checks were taken to the latter, and some of them were indorsed and returned to the defendant, who placed the amount of them to his credit in his bank account, and delivered to the plaintiff his checks for some portion of the proceeds of the checks so received by him.    The number of the companies was 15, and the losses were from time to time adjusted and paid by them, respectively.    In view of the agreement between the parties for the collection by the defendant of the moneys from the companies, the transaction of indorsement by the plaintiff. at the request of the defendant, of the checks retained or taken by the latter, under the

circumstances which the evidence tends to prove it was done, may be treated as a method adopted to enable the defendant to complete the collection, as from the companies, of the moneys represented by those checks so indorsed and taken by him. There was certainly no variance between the alleged cause of action and proof, within the meaning of the statute before referred to. There is no support for the contention that the complaint does not state facts sufficient to constitute a cause of action, or that there was a failure of proof to justify the recovery. It was such as to warrant the conclusion of the trial court, unless the statute of limitations was effectually alleged as a defense. It is insisted by the learned counsel for the defendant that it is established by the evidence that the alleged cause of action accrued more than six years before January 25, 1894, when the action was commenced. As the collection from the 15 underwriters was the subject of a single contract between the parties, it was necessary to this defense for the plaintiff to make it appear that the performance of the agreement was completed prior to January 25, 1888. This he sought to do by his testimony to that effect, and while the plaintiff was unable, from want of recollection, to testify to the contrary, he did not admit that such was the fact. The credibility of the testimony of the defendant, arising from his interest as a party, was in the way of necessarily giving a controlling effect to his evidence. The weight of his evidence was a question for the court to determine. Honegger v. Wettstein, 94 N. Y. 252; Miller v. Boyer, 79 Hun, 131, 29 N. Y. Supp. 479. The evidence of the defendant in that respect was not only not corroborated, but there was proof, quite satisfactory, that he failed to recollect the time when the transactions under his contract were closed. This notably appears by a letter of date January 25, 1888, written by himself, and addressed to the plaintiff, informing him that he (the defendant) had that day, by adjusting with the company named, completed the settlement of his loss, and expressing satisfaction with the result accomplished. This seems to dispose of the defense of the statute of limitations. No other question calls for consideration.

The judgment should be affirmed. All concur.