## PARKER and others *v.* MOORE.

Where a judgment-creditor charges and shows particularly that the defendant has specific property, and it is of a kind that could have been taken in execution at law, he should not have filed a bill: The appointment of a receiver, in such a case, refused.

*Sept.* 25,
1838.

*Debtor and*
*creditor.*
*Injunction.*

A judgment-creditor's bill, founded upon the return of a writ of *fieri facias* issued in the year one thousand eight hundred and thirty-five. After the usual allegations, the following clauses, among others, as to property, appeared in the bill:

" Your orators further show and charge the fact to be that

the said John A. Moore has been, for some years last past and is now, doing a large, extensive and profitable mercantile business in the city of New-York, in and under his own name. And your orators further show unto your honor and charge the fact to be, that the said John A. Moore is the actual owner of a large quantity and amount of copper, iron, zinc and other articles of merchandize; and that he has carried on and is now carrying on his said mercantile business, in the store situated at the corner of Old slip and Water street; and that he has his own individual name over the doors of said store; and that he makes purchases and buys and sells in his own individual name; and has the entire and exclusive management of said mercantile business. And your orators further show, that they are informed and the same believe to be true and charge the fact to be, that the said John A. Moore is the owner of the large and extensive stock of goods, wares and merchandizes now in his said store, situated at the corner of Old slip and Water street. And your orators further show, that they are informed and the same believe to be true, that the said John A. Moore makes all his purchases of goods and merchandize for said store for cash, and not on credit; and that said John A. Moore is not indebted to any person or persons in any considerable sum or sums of money for or on account of said pretended partnership. And your orators further show, that they are informed and the same believe to be true, that the said John A. Moore is the owner of or interested in certain leases and leasehold property; and especially that he owns or is interested in the lease of the store numbered ninety-seven (97) Front street, and now occupied by Harper & Co., and that the said John A. Moore receives the rents, income and profits thereof or of some part or portion of said rents, issues and profits thereof. And your orators further show unto your honor, that they are informed and the same believe to be true, that the said John A. Moore is the owner of or interested in divers notes and sums of money, and divers other securities received or taken by him for and on account of sales made by him at his said store and elsewhere; and that said notes and securities and cash are in his possession. And your orators further show unto your honor, that they are informed and the same believe to be true, that the said John A. Moore is

1838.

PARKER
v.
MOORE.

HULL
*v.*
THOMAS.

the owner of one or more horses and carriages and other vehicles, and also of a large quantity of household furniture and other personal property—which said horses, carriages, vehicles and household furniture are in his, the said John A. Moore's actual possession. And your orators further show, that the said John A. Moore buys and sells in his own individual name, and makes out his bills of sale in his own name and takes notes payable to his own order, and the name *John A. Moore* is upon a large sign over the doors of said store."

THE VICE-CHANCELLOR :—This case is very different from the ordinary cases presented by creditors' bills. The bill, itself, shows that a writ of *fieri facias* has not been issued since the year one thousand eight hundred and thirty-five ; and, yet, it exhibits a large present amount of property that could be taken under an execution. The defendant is openly doing an extensive business, and in the possession of a large amount of property of his own.

All that the complainant has to do is to issue another writ of *fieri facias,* and levy. There would seem to be no obstacle in the way of his remedy at law. The motion for a receiver must be denied ; but as the bill is still pending, the costs of opposing the motion may abide the event of the suit.