Duer, J.
The cases of Koppel v. Heinrichs, and Flynn v. Stoughton, are overruled by a recent decision of the Court of Appeals. In the case to which I refer, Valarino v. Thompson, the suit was originally commenced in this court, and the defendant, Thompson, appeared, and, not denying jurisdiction, pleaded the general issue, with notice of a set-off. The cause was tried upon its merits, and the plaintiff obtained a verdict, upon which, after the argument of a hill of exceptions, judgment was rendered in his favor. The defendant then brought a writ of error to the Supreme Court, and assigned, as an error in fact, that, at the time of the commencement of the suit,» he was consul of the Bepublie of Ecuador ; and the fact being *658 established, the Supreme Court, upon this ground, reversed the judgment.
In April last, the Court of Appeals affirmed the judgment of the Supreme Court, holding, that the exemption of a consul from suit in the state courts is not his personal privilege, nor even that of the government by which he is appointed ; but that, under the Constitution, and the Judiciary Act of Congress, it belongs exclusively to the United States; and cannot, therefore, be waived by any. act or default of the consul himself.
It follows, necessarily, from this decision, that it is the duty of a state court, whenever the fact that a defendant in a suit is a foreign consul is brought to its knowledge, to confess at once its want of jurisdiction, and declare its proceedings to be void. Where the jurisdiction of a court depends upon extrinsic facts, unless the facts,- destroying its jurisdiction, appear upon the record, as a general rule, the judgment upon that ground can never be impeached ; and, in such cases, it may be truly said, that the court acquires jurisdiction by the submission of the parties: but where the exercise of the jurisdiction is a violation of law, and cannot be justified by the submission or consent of the parties, all the proceedings, as corazn non 'jwMoe, are wholly void.
Even if the cases in the Supreme Court, which have been relied on, had still the force of authority, I should not have held that the defendant was precluded from setting up his privilege as a bar to the present application. An order for 'the examination of a judgment debtor is not a mere process to enforce the execution of the judgment. It is not founded upon the judgment alone, but upon the averment of new facts, which the plaintiff must prove, to entitle him to the relief that is sought. As a substitute for a creditor’s bill, it is, in its nature, a new suit, and, as such, is directly embraced by the Act of Congress, which gives the exclusive jurisdiction to the courts of the United States. It was held by this court, in the matter of Aycenina (1 Sand. S. C. R. p. 690), that an attachment against a non-resident debtor, as seeking the recovery of a debt from a consul, through the coercion of a state tribunal, was a suit within the meaning of the Constitution and of the Act of *659 Congress, and the reason of the decision plainly embraces the present case.
The motion for an attachment is denied, and the order for the examination of the defendant discharged,
Oakley, Ch, J,, concurred.