## ORR'S CASE.

*Supreme Court, First District; Special Term, March, 1856.*

SUPPLEMENTARY PROCEEDINGS.—ASSIGNEE OF JUDGMENT.—
SECOND EXAMINATION.

The assignee of a judgment may institute supplementary proceedings under the Code, although the party applying became the assignee of the judgment after the execution was returned unsatisfied.

After an examination of judgment debtor on supplementary proceedings, had before a referee, has been once completed and closed, it cannot be re-opened except upon special order for that purpose.

After a judgment creditor has had one complete examination of his debtor, he cannot institute a new examination as if it were the first, but must apply on notice and affidavits showing a special reason why a new examination should be had, for an order for that purpose.

Motion to discharge an order for the re-examination of a judgment debtor.

DAVIES, J.—In this case judgment was recovered against the defendants Benton and Orr, on December 9, 1854. Execution was issued, returned unsatisfied, and in March, 1855, an

order was made for the examination of the defendants, a
referee was appointed, and such examination had of each
defendant. The examinations were concluded before him in
September last, when property of the defendant, Orr, was
discovered, and it is alleged on the part of the defendant
Benton, whom it is now proposed to examine, that Orr has, in
fact, paid the debt to the plaintiff, who thereupon on Septem-
ber 22, 1855, assigned the judgment to Lewis and Woodruff,
who as assignees make this application for the examination of
the defendant, Benton. He alleges in his affidavit, that this
proceeding is in fact for the benefit of his co-defendant, Orr,
who is the only party now interested in the judgment, and
that he, Orr, is largely indebted to the firm of Benton &
Orr.

I am satisfied on examination of the cases that the assignee
of a judgment may institute supplementary proceedings under
the Code, although the party applying became the assignee
of the judgment after the execution upon the judgment has
been returned unsatisfied. (Lindsey v. Sherman, 1 *C. R. N. S.*,
25 ; Hugh v. Rohlin, *Ib.*, 232 ; Ross v. Chessman, *Ib.*, 91).

The case of Gleame v. George, (7 *Paige*, 121), overrules the
case of Waterman v. Russell, (1 *Edw., Ch.* 509), where a dif-
ferent rule was established by the Vice Chancellor of the First
Circuit.

The assignees of this judgment would therefore have a right
to this remedy, if it has not already been exhausted. In my
judgment it has.

The proceeding under the Code is likened to, and is regarded
as a substitute for the creditor's bill under our former system
of chancery practice, and the rules settled in reference to the
proceedings under those bills, may with propriety be regarded
as controlling, when not altered by the Code or the practice
under it. (Griffin v. Dominguet, 2 *Duer*, 658 ; Davis v.
Turner, 4 *How. Pr. R.*, 190, *First Rep. of Com. on Practice &
Pleading*, 201).

It is quite clear from the facts disclosed that the examina-
tion of the defendant, Benton, was completed before the
referee, and that it was as full and ample as the party seeking
it desired. After it was thus finished, and after the assign-

ment of the judgment (and payment of it, as alleged by defendant Benton), the assignees applied to the referee for a further, or re-examination of the defendant Benton. This the referee declined to permit, on the ground that he had completed the same, and that his power was exhausted. In this he is sustained by the opinion of Chancellor Walworth in the case of Hudson *v.* Plets, (11 *Paige*, 181). He then held that when the examination of the defendant had been once closed, the master had no authority to issue a new summons for the purpose of compelling the defendant to attend before him, and submit to a new examination, without a special order of the court for that purpose. He says that the master is not authorized to keep the reference open interminably, to enable the complainant to harass the defendant with attendances and re-examinations as often as the complainant thinks proper. If the complainant wished a further examination, he must apply to the court upon proper affidavits and notice to the adverse party for an order authorizing the same.

This has not been done in this case now under consideration, and the defendant has been proceeded against as if no examination in reference to his property had been had. It cannot be sustained upon either principle or authority.

In Corving *v.* Tooker (5 *How. Pr. R.*, 16), Harris, Justice, says, in reference to an examination like this, in proceedings supplementary to the execution, that "*the examination is in its nature and effect an answer to a complaint.*"

In this I entirely concur, and it seems to me that sufficient grounds are not shown, why the defendant Benton should be called on to put in another or further answer to this complaint.

The order, therefore, for his re-examination must be discharged, but without costs.