# SUPREME COURT.

WILLIAM G. TAAKS agt. THEODORE SCHMIDT and others.

A plaintiff is barred from the right of maintaining an action in a state court against *fereign consuls* accredited to this country; and such consuls are not required to answer in chief, in order to procure the benefit of their exemption from suit in a state court.

Where such consuls are joined in an action with other defendants, who are properly sued, and an injunction order inadvertently granted, the plaintiff may discontinue, *without costs,* as to the consuls; but only on payment of costs and damages arising from the injunction as to the other defendants; and not then if they have interposed a counter claim.

Where a referee has reported the facts, and not the damages which the defendants have sustained by reason of an injunction order, the report will not be confirmed.

*New York Special Term, May,* 1860.

Motion for leave to discontinue, without costs, and to confirm referees report.

Leonard, Justice.   The defendants, John W. Schmidt, Gerhard Jansen and Edward Vonder Heydt, are each consuls of different foreign governments, accredited to this country ; and by virtue of their offices the plaintiff is barred from the right of maintaining an action against them in any state court.

It is not necessary to consider how far a state court is bound to exercise its authority to restore a foreign consul to any property or rights, in the possession of which he has been disturbed by the operation of an injunction order inadvertently granted, when the court were ignorant of the fact that he held such office.

In this case these defendants had no manual possession of the property in controversy, and if they had had any when the injunction order was granted, it would have been as agent only for their principal, Theodore Schmidt, who is also a party defendant, and can fully defend or claim his own rights.

The action must be dismissed as to the three defendants who are consuls, without costs to either party as against the other.

They were not required to answer, in chief in order, to procure the benefit of their exemption from suit in a state court.

The order is to be without prejudice to the rights of the defendants.

The plaintiff has a right to dismiss his action as to the other defendants on the usual terms, unless those defendants have interposed a counter claim.

If the plaintiff voluntarily dismisses, it amounts to an admission that he cannot maintain his action, and that the injunction order was improperly asked for and granted.

When the action is terminated either by a judgment of the court, in favor of the defendants, or by voluntary discontinuance of the plaintiff, a reference to ascertain the damages which the defendants have sustained by reason of the injunction is proper, but not before that. (*Coates* agt. *Coates*, 1 *Duer*, 664.)

It is reasonable to presume that the order of the 20th June last, directing a reference to ascertain such damages was made, in order to inform the court as to the terms upon which it would be proper to allow the plaintiff to discontinue.

It is quite clear that no sound reason exists for allowing the plaintiff to discontinue as to any of the defendants, except those holding the office of consul, without costs. The motion for leave to discontinue, without costs, as to these defendants is therefore denied. The report of the referee does not conform to the order of reference. He has reported the facts, but not the damages which the defendants have sustained, if any, by reason of the injunction, as the order required. The motion to confirm the report is therefore denied. The costs of the motion, fixed at $10, and the disbursements of the reference are to abide the event of the action.