By the Court—Monell, J.
The examination of the judgment debtor disclosed property sufficient to satisfy the judgment, but it was a chattel interest in real estate, subject to levy and sale under an execution, (Averill v. Taylor, 8 N. Y. R., [4 Seld.,] 44; 2 R. S., 367, § 24,) and the question arises whether it was proper to appoint a Receiver of property which could be reached and sold under an execution.
The execution had been returned by the Sheriff wholly unsatisfied, and the order for the examination of the judgment debtor was therefore properly made.
The proceeding supplementary to an execution, as provided by the Code, is to some extent a substitute for a creditor’s bill under the late Chancery practice, although the remedy given by the latter has not been taken away, (Catlin v. Doughty, 12 How. Pr., 458;) and the rules adopted with reference to proceedings under those bills, are' held to apply to those proceedings, except where altered by the Code or the practice under it. (Griffin v. Dominguez, 2 Duer, 658; Lilliendahl v. Fellerman, 11 How., 528.) There is this difference to be observed, however, between a creditor’s bill and these proceedings. The object of the former was to obtain a discovery in aid of the execution at law, as well as for relief against property which could not be sold on execution. (2 Barb. Ch. Pr., 148.) And it was required to be charged in the bill that the defendant had some property or equitable interests or things in action which ought to be applied to the payment of the judgment. The Code provides that, upon the return of an execution unsatisfied, the creditor “is *593 entitled to an order requiring the debtor to appear and answer concerning his property.” Ko proof is required that the defendant has property. It was not uncommon in Chancery, upon the defendant’s disclosing property subject to levy, to suspend the suit, to enable the creditor to take out a new execution; the object of the bill being, as before observed, to aid the execution. The creditor filing the bill and obtaining the discovery did not, however, secure a priority over creditors whose executions might have been previously issued, and under which levies had been made. And other creditors might come in and participate in the avails of the discovered property, where the bill was filed for such purpose. (Wilder v. Keeler, 3 Paige, 164.)
Under the Code, the power to require a debtor to appear and be examined concerning his property is absolute and unconditional. The proceeding is instituted for the benefit of the individual creditor, who obtains a priority of payment out of the property of the debtor disclosed upon his examination, and no other creditor can participate in the avails of the property so as to defeat such priority.
Ko provision is made for suspending the examination of the judgment debtor and the issuing of a new execution to reach property disclosed by him, but, in lieu of it, the Judge may order (§ 297) any property in his hands, not exempt from execution, to be applied towards the satisfaction of the judgment. This section, however, applies only to such property as is capable of manual application, which may be passed to and be made available to the creditor by delivery merely, and not to rights and interests incapable of being divested of title in the debtor, except by an instrument in writing.
As a cumulative assistance to the .creditor, where the property is of an intangible nature, the Judge is 'authorized (§ 298) to appoint a Receiver.
The only cases in which the Court.of Chancery refused to appoint a Receiver was, where it appeared from the bill that the defendant, previous to the return of the execution *594 at law, had property which could have been levied on by such execution. (Parker v. Moore, 3 Edw., 234; Congden v. Lee, Id., 304.) And the reason was, that in such case the complainant had no right to file his bill. (Id.)
Until the adoption of the Constitution* of 1846, the principles of law and equity were administered by separate and distinct tribunals. Courts of law had no power to compel discoveries; and hence it was that the Legislature conferred a jurisdiction upon the Court of Chancery to supply this defect. (2 R. S., 173, § 38.) After exhausting the remedies provided for courts of law for enforcing their judgments, the creditor was obliged to invoke the aid of another tribunal to reach rights and interests which were not the subjects of levy and sale under execution.
The two systems have now been blended into one, and the same tribunal administers both law and equity in appropriate cases.
The appointment of a Eeceiver in these supplementary proceedings has become almost a matter of course, whether the debtor discloses property or not, (Lent v. McQueen, 15 How., 313,) the object being to compel the application of property concealed by the debtor, or which, from its nature, cannot be levied on, to the payment of the creditor’s judgment.
I am of opinion that the Code has so far changed the proceedings that the examination is no longer in aid of the execution, but it is to compel the direct application of the debtor’s property which the Sheriff has failed to find, or which is not subject to levy, to the payment of the creditor’s debt. This may be done in one of two ways, by ordering its application under section 297, or by the appointment of a Eeceiver under section 298. There is no inconsistency in these two remedies; they stand independent of each other, are cumulative merely, and are granted upon a different state of facts. Tangible property may be ordered to be delivered under section 297; over all other property disclosed by the debtor, a Eeceiver shall be appointed.
*595 I have no doubt an appeal may be taken from the order under section 349 of the Code.
The order should be reversed.