By the Court.—Spencer, J.
The order appointing Kennedy receiver was made under section 298 of the Code of Procedure, and its language conforms thereto. The first paragraph of section 298 provides that “ The judge may also by order appoint a receiver of the property of the judgment debtor.” The words of appointment in the order in question are as follows : “I do hereby order that Felix Y. B. Kennedy, of the city of New York, be and he hereby is appointed a receiver of the property of the said defendant.” Neither in the order, nor throughout section 298, is there any clause or language that indicates any limitation of the powers of the Receiver over any kind or class of property owned by the judgment debtor, or that in any way provides that any of the property of the latter shall be excepted or exempted from the effect of the order.
The first question for consideration appears to be this : Does such, an order as this convey and transfer to the receiver therein named, all the property owned by the judgment debtor at the time, including any property owned by him, exempt from levy and sale by execution? This is an important question of law and practice for review and decision, as affecting a multitude of similar cases, arising daily in the courts of this State. Its answer in the affirmative would sustain the judgment and the ruling of the court below. But upon the examination of the statute and the cases bearing upon the same, I have concluded that an affirmative position is not tenable, and the order in question conveyed to the receiver no property of the judgment debtor that was exempt from execution.
*386 The sections of the Code relating to proceedings supplementary to the execution, are included in chapter 2 of title 9 of the Code. The heading of the title is in these words: Of the Execution of the Judgment in Civil Actions.” Chapter 1 is entitled “ The Executionand one of the sections of this chapter provides that existing statutes relating to the property liable to sale on execution shall apply to executions prescribed by this chapter. Chapter 2 is entitled, ‘ ‘ Proceedings Supplementary to the Execution,” and sections 297 and 298 are the only portions of the chapter that require consideration. These sections seem to relate to the same subject matter, and I think they should be read and considered as one section, so far as they affect the case in review. Section 297 provides that “the judge may order any property of the judgment debtor, not exempt from execution,” to be applied towards the satisfaction of the judgment (excepting, however, certain earnings of the debtor necessary for his family', thus adding to other statute exemptions). Section 298 seems to provide the means or manner for the application of the debtor’s property named in section 297, for it commences with words that indicate a continuance from section 297, as “The judge may also by order appoint a receiver of the property of the judgment debtor.” This chapter 2 of title 9 of the Code was enacted as a substitute and a more summary remedy for the action and proceedings in the court of chancery known as the creditor’s bill (see 1st Report of Code Commissioners, 201 ; also 4 Sandf. 718 ; 2 Duer, 658 ; 2 Abb. Pr. 458, 476 ; 4 How. 190, and 11 Id. 528), and the decisions of the court of chancery, in proceedings under that practice, are applicable here, and I find one that I deem in point in this case.
In Hudson v. Plets, 11 Paige, 181, the complainant applied for an attachment against the judgment debtor, for an alleged violation of the usual injunction granted *387 in the case, " The violation complained of was the bringing of an action against a third person, for a trespass upon lands (owned by judgment debtor), that occurred before the filing of the bill in the case; also, for bringing another suit against the same person, for a tort in seizing property of the judgment debtor, that was exempt from execution. The chancellor (Walworth) decided that there had been no breach of the injunction order, and denied the application, expressing his views on the last point as follows : ‘ ‘ The suit against a third person for a tort, in taking property which was exempt from execution, does not appear to be a breach of the injunction, even if the right of action accrued before the filing of complainant’s bill.”
“For the exemption of certain necessary articled from execution would be useless if the creditor could seize them on his execution, and could reach such claim, when a suit was brought against him or the sheriff for damages, and deprive the debtor of it by means of a creditor’s bill.”
The case last cited, was referred to and approved by Judge Grover, in giving the opinion of the general term of the supreme court, in Andrews v. Rowan, 28 How. 126. In this last case, the judgment creditor had sued Rowan for the coversion of exempt property, and had recovered judgment. Rowan claimed that the judgment had passed to Andrews, the receiver of the plaintiff in the execution, and that he, having paid Andrews, was entitled to have a satisfaction of the execution by the sheriff, and moved the court to direct the sheriff to return the same satisfied. The court refused, holding that this right of action and judgment, founded upon an injury to property which the creditor could not claim to have applied to his debt, did not pass to the receiver, and consequently, Rowan had no right to pay the same to the receiver, and such payment did not satisfy the judgment. This decision was *388 affirmed at general term. Judge Grover, in delivering the opinion of the court, says: “I think it clear that this right of action did not pass to the receiver. ” “ The statute exempting certain property of the debtor from execution, should be fairly construed, to enable the debtor to enjoy such property. If, when such property is wrongfully taken from the debtor, against his will, and the law does not afford him adequate remedy for the injury, and protect him in its enforcement, this statute is, to the extent of such failure, rendered nugatory.” “If -the judgment rendered for the injury may be acquired by a judgment creditor in proceedings supplementary to "execution, there would be nothing to preovent the seizure of exempt property, selling it upon execution, and when the debtor had sued and recovered judgment therefor, compelling the application of such judgment to the payment of the debt for which the property was seized, thus entirely depriving the debtor of the exemption, and enabling the creditor, in this way, to collect his debt from property that the law has declared not liable for its payment”
I am convinced of the soundness and truth of the reasoning and conclusions of the court in each of these , cases, and I think the same is applicable to the facts of . the case on review.
If a cause of action or a judgment, based upon a recovery for the wrongful taking of exempt property, did not pass to a receiver appointed in proceedings in a creditor’s bill, and the action of the judgment debtor, in relation to such claim or judgment, was not affected by the injunction usually granted in those cases, or if such a claim or judgment does not pass to the receiver under section 298 of the Code, it is very clear that exempt property itself would not pass.
Therefore, I hold as a conclusion of law in this case, that an order like the one in question,.conveys and transfers no property of the judgment debtor, that by *389 law was exempt from seizure and sale under the execution.
Receivers, and their servants and agents, like sheriffs and their deputies, must refrain from taking or interfering with this class of property. They take such property at their peril, and the absence of a clause or words in the order, excepting such property from their receivership, does not relieve them from responsibility and liability for the seizure of the same, for the debtor is entitled to its use and possession, and-he is not bound to seek the court for a modification of the order, or to do anything whatever to enable him to enjoy his statutory right of holding, owning, and enjoying this class of property.
This order, however broad in its language, must be held to be limited in its operation by the statute exempting certain property from execution. The law attaches to the order, becomes a part of it, and must be referred to and observed, in determining its effect.
This conclusion as to the effect of the order brings us to the decision of another question in the case, namely: Was this horse a working team of the plaintiff, and as such, exempt from execution under the statute ?
The points raised by respondent’s counsel, in regard to the mortgage being void and fraudulant as to the creditors of the judgment debtor, are hardly available, and do not attach in this case.
As between the judgment debtor and his mortgagee, the title and ownership of the mortgaged property had passed to, and vested in the mortgagee. The receiver might have tested its validity in regard to third persons (the creditors of the debtor), by taking the same as receiver, but the mortgagor had formally" conveyed and transferred all his legal interest and title in the mortgaged property, and could not contest the ownership with his mortgagee.
*390 Any interest or claim to the same, founded upon the invalidity of the mortgage, as regards the creditors df the mortgagor, could only be maintained by a creditor, or his representative, like the respondent, and I think every interest of this kind had passed to the respondí ent as receiver, under and by virtue of this order, and in no view of the case can the judgment debtor be considered as having been the owner of the mortgaged property at this time. But my conclusions upon other points in this case, render it unnecessary to consider ány further this question of the ownership of the mortgaged property.
A judgment debtor has the right to claim exemption from execution, for any portion of his property that falls within the class or character defined by the statute. If he has two teams working in his business, he has the right to claim either as exempt. He may say to the sheriff, or receiver, in any words that plainly signify his meaning: “I claim this team as exempt by law from execution; ” and thereby, the property so designated, is protected by the statute from the claims of his creditors. It is the right of the debtor to make this designation, and that is a choice or election within the decisions. I hold that the plaintiff in this case, plainly designated this horse, and claimed the same to be exempt from execution. The words used by him were sufficient to designate, elect, or-choose this article of property from all others.
A judgment debtor owning several articles of property, or animals, falling within the description in the statute of exempt property, but greater in number, or exceeding in value, those exempted by the statute, may claim as exempt any number or portion of them to the extent or value specified in the statute, and where there are several articles used together, that answer to the descriptive words in the statute, as “working tools,” or “working team,” “ necessary household furniture,” *391 &c., and the same exceed in value the sum stated in the statute, the debtor has the right to separate and divide the articles, and break up the combination, and retain any number or portion of the same, whose total value does not exceed the statutory sum.
As, for instance, if the debtor’s working team, consists of two horses, each valued at two hundred and fifty dollars, and a wagon valued at two hundred dollars, and harnesses valued at fifty dollars, he may claim as exempt any portion of the team not exceeding two hundred and fifty dollars in value. .He may take either horse, or he may take the wagon and harnesses.
In this latter conclusion of law my decision may extend beyond any precedent on the subject, although I think Judge Johnsost, in his opinion in Lockwood v. Younglove (27 Barb. 506), reaches the same conclusion in spirit, if not in words. I can realize, however, that unless the courts holds to such a construction, that this statute will oftentimes fail to protect and preserve the family from want, in accordance with the letter and spirit of its enactment. If in this review of the case and the statute of exemptions, my conclusions of law are tenable, it follows, as a matter of course, that this horse was exempt property as a team or part of a team, and perhaps no further consideration of the case is necessary. But there is another construction or interpretation of the words “ working team” that I think should be stated. ■ I hold that, under the evidence in this case, this horse is a “working team” as described in the statute, without any connection with the cart and harness in which he was worked by the plaintiff. The word “team,” as used in our language and in this country, has a broader and more extensive meaning than that given in our dictionaries, or in any of the cases that I have found which have dwelt upon its interpretation. A horse or other animal trained and used for labor and service, when it constitutes the motive *392 power to accomplish such labor and service, is in my opinion a team, according to the popular and statutory meaning of the word. It may be trained and worked to carry burdens, without carriage, harness, or other appendage, and, as often is the case, it 'may be used (without trappings of any kind) to supply motive power to varieties of machinery, and in divers other ways made use of, as a colaborer with its owner. , I hold that the horse or animal that thus performs labor, and works for its owner, may be justly and properly designated as a “working team,” without its being associated or used with any other specified articles of property, and therefore I hold that the laboring horse is of itself a “working team,” within the popular and statutory definition of these words.
The judgment must "be reversed, and a new trial ordered, with costs to abide the event.