Church, Ch. J.
This is a motion for reargument upon an appeal from an order requiring Mr. Fowler to pay to the applicants a sum of money which had beenpaid to him by them, as the debtors of one Lowenstein, upon an order made by Judge Bar-ward, at special term, which money had been after-wards recovered of them by one Rice, as assignee of Lowenstein.
It was alleged, in substance, that the order for the payment of the money was obtained by the fraudulent suppression of certain facts by Fowler; and both the special and general term based the order upon this charge, which they found to be true. In reviewing the order, this court adopted the finding of fact of the courts below, without a critical examination as an original question, and affirmed the order. Although in reviewing orders we are not precluded from passing upon the facts, yet when the evidence is conflicting and the facts may be fonnd either way, we have usually regarded it safer to rely upon the findings of fact by the court below.
Upon this motion the defendant, claiming that the charge against him is not sustained, asks the court to *88 examine it, as it may seriously affect his character as a man and his professional standing.
I have looked into the papers, and after a careful examination of the facts feel constrained to say, that I think they are insufficient to establish the charge made against Mr. Fowler of obtaining the order from Judge Barnard by fraud.
The facts are not very clearly stated, and there is room for explanations on both sides, which would make them more clear.
I am unable to see that Mr. Fowler was under any professional obligation to the applicants in respect to their interest in the matter. On the contrary, his interest was adverse, as the attorney in the judgment against Lowenstein, the payment of which he was endeavoring to procure. If this is so, it is certainly far from clear that he violated any duty by withholding from the judge the fact that another person also claimed the money.
The order of Judge Barnard seems to be in all respects regular, and was based upon a personal examination of Mr. Wilmerding, who stated that his firm owed Lowenstein the money. The fact that Rice had commenced an action for the money was not mentioned by Wilmerding himself when examined, nor was any objection made by the firm when the money was demanded and paid, and there was no effort made by them to bring the fact to the attention of the court; and, for aught that appears, Fowler supposed that the applicants, upon the advice of their own counsel, regarded his right as superior to that of Rice.
It is intimated rather than asserted, in the moving papers, that Fowler, by some fraudulent representations or assurances, induced the applicants, or their attorney, to believe that Rice had no legal claim, and to pay the money to him. The statement of the attorney that he had frequent conversations with Fowler about *89 it, and that Fowler assured "him that the applicants had a good defense to the action of Rice, is not sufficient to establish fraud. It is not shown that he did not believe this to be true, nor but that the attorney for the applicants knew all the facts relating to the Rice claim that he did, nor that the latter falsely stated any fact in respect to it; and from the facts appearing in the papers it is not clear that Rice had the best claim.
Again, Fowler swears that he had paid the money to his client before the papers for this motion were served; but it is claimed, that inasmuch as he does not state to whom he had paid the money, it is to be presumed that he kept it himself as one of the original plaintiffs in the judgment, or as the attorney for the plaintiffs, upon giving them credit. I am not prepared to adopt this presumption. The judgment against Lowensteiu, although obtained in the name of Fowler as one of the plaintiffs, had been assigned to one Bamberger, and there is nothing in the case to impair his title. It has been suggested that Bamberger is only the nominal holder for the benefit of Fowler,- but there is no evidence of this fact.
If there was no fault on the part of Fowler in obtaining the order, or the money upon it, and he paid it over in good faith to his client before this motion was made, restitution should be sought, if the applicants are entitled to it, from the client instead of the attorney.
I do not intend to say that it is clear that Fowler was guiltless of improper conduct, nor that the court was not warranted in finding the charge true. There are circumstances calculated to excite suspicion, some of which are explained, and all are capable of explanation, and they fall short of satisfying my mind of the truth of the charge. While perfect good faith on the part of attorneys towards their own clients not only, but towards the public in their professional intercourse *90 should be rigidly exacted by the courts, and dishonest or improper practices summarily punished, they are entitled nevertheless, when their conduct is impugned, to a fair hearing and to the benefit of the application of the ordinary rules of law meted out to others under like circumstances. An oral examination of the witnesses would probably have developed the real facts of the case, which seem from the papers to be somewhat obscure.
In view of all the facts, we might feel inclined to hear the case reargued but for the objection that it is beyond the jurisdiction of this court, by the filing of the remittitur, and entry of the usual order thereon in the court below. When that has been done regularly, we have no further jurisdiction over the case, not even to grant a motion for reargument. Before the remittitur has been actually filed we can control it, but after that and the entry of the order the case, is beyond our reach.
I see no way to avoid this objection, unless the court below should see fit to vacate the filing and order, in which case perhaps we might regard it as though the acts had never been done, but the propriety of such a course is entirely discretionary with that court.
The motion must be denied, but without prejudice and without costs.
Motion denied on that ground.
II. November, 1873.
The defendant then applied in the court below at special term and chambers, upon an affidavit and a copy of this opinion; and after hearing counsel for both parties, the court ordered that the filing of the remittitur and the order of the supreme court making *91 the same the order'of that court, be vacated and set aside, and that the clerk be directed to return the remittitur to the court of appeals for its further action.
This having been done, a .second motion for a re-argument was made in this court.
Amasa J. Parker, for the appellant, in support of the motion, as to the regularity of the supplementary proceedings, cited—Code of Pro., §§ 292, 294, 297; Gibson v. Haggerty, 37 N. Y., 555 ; Orr’s Case, 2 Abb. Pr., 457; Frederick v. Randall, 18 How. Pr., 96 ; Ross v. Clussman, 3 Sandf., 676.
As to the payment to the client,—Carpenter v. Bell, 19 Abb. Pr., 262; Gibson v. Haggerty (above); 3 N. Y., 327.
That the payment to Fowler was a complete defense against Rice’s claim (Carpenter v. Bell (above); Gibson v. Haggerty (above).
C. Bainbridge Smith, opposed.
Rapallo, J.
The papers upon which the motion was heard at special term do not disclose upon what ground Rice was permitted to recover against Wilmer-dings & Mount. Their attorney makes affidavit that Mr. Fowler assured him that they had a good defense to the suit of Rice, and that the facts set up in their answer in that suit were furnished by Mr. Fowler. It is not alleged that any of the information thus furnished by him was untrue, nor is there anything to show that Mr. Fowler did not believe that there was a good de fense to Rice’s suit. On the contrary, the attorney for Wilmerings & Mount obtained from the attorney of Rice a stipulation admitting the facts communicated by Fowler, and it is quite apparent that both Fowler and the attorney of Wilmerdings and Mount believed in the validity of the defense.
If the defense was a good one, then Fowler was *92 clearly entitled to collect the money either under the proceedings instituted by him as attorney for Bamberger against Lowenstein, in January, 1866, or under the order of October, '1869. If for any reason Wilmer-dings & Mount failed to avail themselves of this defense, Mr. Fowler should not be prejudiced thereby as he did not represent them in the suit, and was not a party or privy thereto, and the judgment is not binding upon him. The first step necessary to entitle Wilmer-dings & Mount to reclaim the money they had paid to Fowler, is to show that Ricé had a good title to it, and that it was not reached by the proceedings against Lowenstein. This they have not done. It appears that supplementary proceedings "were instituted by Fowler against Lowenstein in January, 1866, and he was then enjoined from making any transfer of his property, and that a receiver was appointed in those proceedings in May, 1867, who thereupon demanded of Wilmerdings & Mount- the proceeds of Lowenstein’s goods which they had sold.
Rice claimed under an assignment of those goods made by Lowenstein to him in December, 1866, and pending these supplementary proceedings. It does not appear whether Lowenstein was or was not, in January, 1866, when the supplementary proceedings were instituted, possessed of the goods which he afterwards consigned to Wilmerdings & Mount for sale. If he was, his alleged assignment of his interest in those goods to Rice was a violation of the injunction granted in the supplementary proceedings and its validity very doubtful, especially unless shown to be bona fide. Whether it would even then be valid, against a receiver subsequently appointed, is left an open question in Becker v. Torrance, 31 N. Y., 640; Porter v. Williams, 5 Seld., 142 ; Edmonston v. McLoud, 16 N. Y., 543. But even the fact of the assignment or its date is not proven on this motion. There is enough in the papers to show that the defense to the suit of Rice may have been a *93 good one, and to compel the moving party to show the contrary. For either Fowler or Bamberger was entitled to the money if Rice was not, and as this proceeding is to compel Fowler to pay back the money, the onus is upon the moving party to establish the title of Rice.
Neither is there anything to show that at the time of the examination of Mr. Wilmerding by Fowler on December 8, 1869, or at the time of the order for the payment of the money to Fowler made December 14, 1869, or at the time of the payment of the money to him under that order, Fowler had any reason to suppose that Mr. Wilmerding was ignorant of the suit brought by Rice against him and his copartners, and which had been pending since May, 1867. Such ignorance is not to be presumed, and Mr. Wilmerding does not even make affidavit to the fact. The moving papers are very deficient in these respects.
On the other hand, the papers on the part of Mr. Fowler are not sufficiently clear and satisfactory to justify the denial of the motion on the ground of the payment of the money to Bamberger.
If Fowler obtained the money without fraud, though Wilmerdings & Mount should succeed in showing that they are entitled to have it refunded, yet the order would not be made against Mr. Fowler personally if he should show that he had collected it as attorney merely, and handed it over to his client. But this fact should be clearly shown.
The order of the special and general term should be reversed, and the motion reheard at special term on further proof in support of the motion, and in opposition thereto, by reference or otherwise as the court below may direct; costs of this appeal to abide the event.
A majority of the judges concurred.
Order reversed, and proceedings remitted accordingly.