By the Court.—Van Vorst, J.
The courts of the United States have jurisdiction, exclusive of the courts *52 of this State, of all suits or proceedings against ambassadors or other public ministers (U. S. Rev. Stat. §§ 687, 711, subd. 8).
Exemption from being sued in a State court cannot be renounced by a public minister, because it is not his personal privilege, but the right and privilege of the United States (Valerino v. Thompson, 7 N. Y. 576; Davis v. Packard, 7 Pet. 276 ; St. Luke’s Hospital v. Barclay, 3 Blatchf. 259). The difficulty is not overcome by an intentional omission to serve, as is the case in this instance, the partner named as a defendant, who is a public minister. The action is, nevertheless,. in substance against him ; a judgment is demanded against the defendants, and, when entered, the judgment, under the laws of this State, may be enforced against property, which the defendant, not served, owns jointly with his co-defendant (Code, § 136).
Under the execution, which- the plaintiff could issue and enforce upon such judgment, the goods and chattels of the defendant Tracy, owned by him jointly with his co-defendant, could be seized. Such, execution would be a violation of the statutes of the United States (§§ 4,063, 4,064).
By reason of his inability to waive his exemption, the defendant cannot voluntarily appear and defend this action, as he might, but for this exemption.
In this condition, unless he can otherwise intervene, he may be subject to the hardship of seeing his goods sold to answer a claim against his firm, against which he may have a good defense.
It would seem, therefore, that the only remedy open to the defendant is to call the attention of the court to the subject by petition or motion, as he has done, and it is doubtless the duty of the court to dismiss an action of which it has no jurisdiction (Taaks v. Schmidt, 19 How. Pr. 413; Griffin v. Dominguez, 2 Duer, 656).
*53 The order appealed from is reversed, with costs and disbursements of this appeal.
Curtis, Ch. J., and Speir, J., concurred.