DILLING, BAKER & CO. v. FOSTER.

1. Copy-order to appear before referee served upon defendant in supplementary proceedings had not the seal of court to the clerk's certificate. *Held*, that this furnished no ground for dismissing the proceedings, nor, after appearance and examination, could defendant object to the service.
2. Levy upon goods was released by plaintiff because the goods had been previously mortgaged and the condition of the mortgage was broken. *Held*, that the levy was properly disposed of, and therefore the execution was not satisfied.

3. On the hearing of the referee's report in supplementary proceedings, the judge may appoint a receiver, without specific notice having been given that such appointment would then be applied for.

4. A receiver having been appointed in supplementary proceedings, this court will assume, in the absence of all testimony upon the point, that the Circuit judge did his duty and ascertained that no other supplementary proceedings were then pending against this defendant.

5. The examination in supplementary proceedings having disclosed sufficient property in the debtor's hands, subject to levy and sale, to satisfy the judgment, a receiver might nevertheless, under the present practice, be appointed; and when appointed, he should be the receiver of all the defendant's property.

6. It is the usual and better practice to require bonds from such receivers, but it is not essential.

7. Section 321 of the code does not authorize a fee to plaintiff's attorney, and the "fixed sum as costs" therein provided for must be fixed by the judge, and not by the clerk of court.

8. Taxation of costs can be corrected only by motion, but an order of the judge directing an erroneous taxation, and a taxation thereunder, may be brought up by exception, and the error corrected.

9. The mortgagee of the judgment debtor was not a necessary party to the proceedings, as the order did not interfere with the mortgaged property.

10. After paying the debts, the receiver should return to the debtor all property remaining in his hands, but it was not error of law to omit such a direction from the order appointing the receiver.

11. A receiver should not be authorized to sell choses in action, unless they represent "desperate debts." *Rule 70 of the Circuit Court.*

Before Wallace, J., Spartanburg, December, 1883.

The opinion fully states the case.

*Mr. J. S. R. Thomson,* for appellant.

*Messrs. Carson & Bomar,* contra.

June 27, 1884.   The opinion of the court was delivered by

Mr. Justice McIver.   On July 7, 1883, the plaintiffs obtained judgment against the defendant for the sum, including costs, of $86.75, and issued execution therefor. The sheriff, on July 16, 1883, endorsed upon this execution a levy "upon a lot

of merchandise, &c., a list of which is attached within." By written endorsement on the execution the plaintiffs' attorneys released this levy upon the ground that the property was claimed by another person, and then the sheriff, on July 20, 1883, made a return of *nulla bona* upon the execution.

Upon the usual affidavit, Judge Wallace, at chambers, made an order requiring the defendant to appear before a referee named, on July 25, 1883, or on such other days as he might appoint, to be examined touching his property, and directed the referee to report the testimony and his conclusions of fact. He also directed a copy of the order to be served on the defendant, and that in the meantime, and until the further order of the judge in the premises, that the defendant be enjoined from disposing of his property. The copy of this order served upon the defendant was not certified under the seal of the court. At a reference held on August 2, 1883, the defendant made a motion to dismiss the proceedings, because of the want of the seal to the copy of the order served upon the defendant. The motion was refused, and the examination of the defendant was taken at length, all of which is set out in the "Case."

The facts as reported by the referee, so far as the questions involved in this case are concerned, are substantially as follows: That the stock of goods, wares, and merchandise, to the estimated value of about $600, which had been levied upon by the sheriff, and the levy subsequently released, were covered by a mortgage to one Dreyer, dated February 8, 1883, given to secure a note for $500, payable February 9, 1883; that the merchandise levied upon, after it was released from the levy, was not returned directly to the defendant, but was taken charge of by the mortgagee Dreyer, who placed the defendant in charge of it to sell as his agent; that the goods levied upon were nearly sufficient to pay off both Dreyer's mortgage and the judgment in favor of the plaintiffs; that the defendant was the owner and in possession of property, consisting of choses in action to the amount of $917, a considerable portion of which would not be due until November 1, 1883, and a portion not due for two years, and other personal property of the estimated value of $112, besides a crop of growing cotton, twenty-five acres, the value of which was not estimated.

On hearing the report of the referee, the judge ordered that a receiver be appointed of all the property of the defendant set forth in the report, "with power and authority to sell the same, including the proceeds of the crop above named, or so much thereof as may be necessary to satisfy the judgment in the above stated case, with interest thereon, and all the costs and disbursements of this action; * * * that the receiver above named have leave to bring action for the recovery of property of the defendant in execution in the hands of any other person; * * * that the defendant, W. C. Foster, deliver and turn over all of the said property to the said receiver immediately upon the service of this order, and that from the proceeds of said sale the said receiver shall pay all the costs of this action, including the costs of proceedings supplementary to judgment and          dollars fee for attorneys of plaintiffs, to be taxed by the clerk of court, together with the judgment and interest thereon and disbursements." After this order the clerk, without holding any reference or taking any testimony, made a taxation of costs, in which, amongst other items, was the following: "Judgment-creditor, under section 321 of code (fixed sum), $15.00."

The defendant appeals upon sixteen grounds set out in the record, but which need not be repeated here, as several of them involve the same questions. We will therefore proceed to consider the various questions which we understand to be raised by the grounds of appeal.

The first is whether there was error in refusing to dismiss the proceedings upon the ground that the copy of the order requiring the defendant to appear before the referee and answer touching his property had no seal to the clerk's certificate. It is very clear that this defect in the copy served furnished no ground for dismissing the proceedings. It could, at most, only avail the defendant on a motion to set aside the service of the order as not a true copy of the original, or as not duly authenticated, so as to require a new service. But as the defendant appeared and was fully examined, and as the object of the service was to give the defendant notice, it is now too late to make even that objection.

The second, eighth, and ninth grounds are based upon the proposition that the execution was satisfied by the levy on the

stock of goods. It is quite true that a levy is *prima facie* satisfaction to the extent of the value of the property levied upon, but when it is shown that the levy has not produced satisfaction, and has been otherwise disposed of, the presumption of satisfaction is rebutted. *May* v. *Hancock*, 1 *Rice Dig.*, 303; *Peay* v. *Fleming*, 2 *Hill Ch.*, 99; *McElwee*, v. *Jeffreys*, 7 *S. C.*, 228. Here the levy had been properly disposed of, by being released upon the ground that the property levied upon belonged to another person, inasmuch as it was covered by the mortgage in favor of Dreyer, the condition of which had been broken, whereby the legal title had become vested in the mortgagee. *Reese* v. *Lyon*, 20 *S. C.*, 17, and cases there cited.

The third, tenth, and sixteenth exceptions raise the question as to the right to appoint a receiver of all the property of the defendant. The position of the appellant seems to be, *first*, that a receiver could not be appointed without notice of a motion to that effect. We do not understand that defendant claims that he had no notice of the hearing before Judge Wallace of the report of the referee and the exception thereto; but simply that he had no notice that upon such hearing the appointment of a receiver would be asked for. It seems to us that the terms of the statute prescribing the course of proceeding in such cases, was sufficient notice that an application for a receiver would be made, as that was one of the legitimate, if not necessary, steps to be taken, and, therefore, no specific notice that a receiver would be applied for was necessary.

*Secondly*, the appellant contends that the judge could not appoint a receiver without first ascertaining whether any other supplementary proceedings were pending. Section 318 of the code prescribes that before the appointment of a receiver, "the judge shall ascertain, if practicable, by the oath of the party, or otherwise, whether any other supplementary proceedings are pending against the absent debtor." The object of this provision is to prevent the appointment of two receivers for the same property, and although it does not, affirmatively, appear that inquiry was made as to whether any other proceedings were pending against the debtor in this case, yet neither does the contrary appear, and in the absence of any evidence to the contrary we must presume

that the judge did his duty, and did ascertain (whether by the oath of the debtor, "or otherwise," is immaterial) that no other proceedings were pending at the time.

*Thirdly*, the appellant contends ·that the examination of the judgment debtor disclosed sufficient property, subject to levy and sale, to pay the plaintiff's judgment, and therefore no receiver should have been appointed, or at least all of the property of the judgment debtor should not have been turned over to him.　It is true that there are authorities cited by appellant which would seem to support this view, but these cases are based upon the analogy of proceedings in a creditor's bill, for which supplementary proceedings are to some extent a substitute, but they are not subject to all the rules governing the chancery practice under a creditor's bill.　Hence, while under that practice, where property was found subject to levy and sale under execution, the court of chancery would, at one time, have granted an order suspending the proceedings until the creditor could proceed to sell under his execution,. this was because of the fact that equity and law were administered by different tribunals, and as the powers of the court of equity were only invoked, in aid of the law court, such powers would not be exercised where such aid was not necessary. But since the same court now possesses the powers of both of the former courts, the former practice is inapplicable, and there is now no reason why property subject to levy and sale may not be reached under supplementary proceedings.　*Heroy* v. *Gibson*, 10 *Bosw.*, 591; *Todd* v. *Crooke*, 4 *Sandf.*, 694; 1 *Code Rep.*, *N. S.*, 324.

As to the objection that a receiver should not be appointed for all of the property, but only for so much thereof as may be necessary to pay the debt, we can only say that we know of no authority for such a proceeding, which would be somewhat anomalous in character, and involve unnecessary expense and delay, for it is difficult to understand how the court could, in advance and without an inquiry on the point, ascertain how much would be necessary; in fact, the only certain means of ascertaining it would be by a sale.

The fourth exception assigns as error the failure to require the receiver to give bond.　The statute does not require that a bond

shall be exacted of the receiver, and although it is the usual and far better practice to require a bond, yet it is not essential. *High Rec.*, §§ 118, *et seq.* We cannot, therefore, say that there was any error of law in failing to require the receiver to give bond.

The fifth, sixth, and twelfth exceptions raise the question as to allowing a fee of $15 to the attorneys for the plaintiffs. Section 321 of the code provides: "The judge may allow to the judgment creditor, or to any party so examined, whether a party to the action or not, witness fees and disbursements, and a fixed sum in addition, not exceeding thirty dollars, as costs." It will be observed that under this provision, "the judge may allow * * * a fixed sum * * * as costs." And the allowance is "to the judgment creditor, or to any party so examined"—not as a fee, but as costs. We see no authority under this section for the allowance of any fee to the attorneys for plaintiffs; and even if it could be so construed, the sum must be a sum fixed by the judge, and not by the clerk, for the judge having heard the case, has better means as well as better capacity to determine the amount which should be allowed, than the clerk, and this is the express provision of the statute, doubtless for the reason above indicated. We think, therefore, that the judge erred in allowing a fee to the attorneys for the plaintiffs in an amount to be fixed by the clerk. The order appealed from should be modified in this respect.

It is true, as held in *Bradley* v. *Rodelsperger*, 6 *S. C.*, 291, that where it is desired to review a taxation of costs by the clerk, the proper practice is by motion, in the court below, to correct such taxation, and the appeal should be from the decision on such motion; but where, as in this case, the clerk has undertaken to carry out an erroneous order of a Circuit judge, in reference to the taxation of costs, such erroneous order may be appealed from, and the taxation thereby corrected.

We are not able to perceive the relevancy of the seventh exception;[1] but as matter of fact, the referee did find that the levy was made subject to Dreyer's mortgage, and the Circuit judge does not controvert such finding, so that we do not see upon what this exception rests.

[1] "In not holding that the sheriff's levy was subject to Dreyer's mortgage."

The eleventh exception complains that the costs of the referee and of the plaintiffs were erroneously taxed. No specific errors are pointed out either in the exception or the argument, and the exception is too general to require notice. But in any event, under the case of *Bradley* v. *Rodelsperger, supra*, we could not inquire into the correctness of the taxation of costs, there having been no motion below to correct such taxation.

The thirteenth exception claims that there could be no order disposing of the judgment debtor's property without making Dreyer a party. As the order does not purport to interfere in any way with the property covered by Dreyer's mortgage, we are unable to perceive what interest he could possibly have in the matter.

The fourteenth exception assigns it as error that the order appealed from contains no provision for the return of such property as may not be necessary for the payment of plaintiffs' debt and costs. The receiver being but "the hand of the court," we must assume that the proper disposition of what property may remain, after satisfying the claim of plaintiffs, will be made, and we cannot say that there was any error of law in failing to incorporate such a provision in the order.

The fifteenth exception alleges error in ordering the receiver to sell the property mentioned in the order. The point of this exception, as developed in the argument, seems to be that there was error in ordering a sale of all of the property mentioned in the order, embracing choses in action, as well as other personal property. Rule 70 of the Circuit Court, in reference to the powers of receivers, clearly indicates that a receiver should not be authorized to sell choses in action, unless they represent "desperate debts;" but that his duties, in respect to that class of property, are to sue for and collect the same, or "to compromise and settle such as are unsafe and of a doubtful character." We think, therefore, that the terms of the order appealed from, which are broad enough to authorize the receiver to sell any or all of the choses in action, should be modified in this respect, so as not to authorize the sale of any of the choses in action, except those which represent "desperate debts."

The judgment of this court is that the order appealed from be

modified according to the views herein announced, and that in all other respects it be affirmed.