Churchill, J.
The first of the above entitled actions was commenced February 12th, 1885, by the granting of an injunction order containing an order to show cause February 19th why the injunction should not be made perpetual. The order, with the summons and complaint in the-action, were on the same day served on all the defendants except Charles G-. Wilson, as president of the New York Mining Stock and Petroleum Exchange, upon whom the summons and complaint have never been served. Cause was shown on the 19th February, and the matter continued until March 3d, 1885, when a decision was made vacating and setting aside the injunction order, but no final order in conformity with the decision has ever been entered. The venue in that action is in New York county.
The second of the above entitled actions was commenced. February 18th, 1885, by the granting of an injunction order with an order to show cause February 24th why the-same should not be made perpetual, which, with the summons and complaint in that action, was on the same day served on the defendants therein. Cause was shown as required by the order and the matter continued until July 26th, 1886, when an order was made continuing the injunction. Meantime the defendant, the Commercial Telegram. Company, with certain of its officers, had been adjudged guilty of contempt for a breach of the latter injunction, and proceedings are now pending to ascertain plaintiff’s damages from such breach. The venue in that action is in Bangs county.
The defendant, the Commercial Telegram Company, served its amended answer to the complaint in the first action, August 30, 1886, to which time its time to answer had been extended by stipulation. On the following day, August 31, 1886, it served its amended answer to the complaint in the second action.
The judgment asked for in the first action would deter *176 mine the ultimate rights, as between themselves, of the defendants, the Commercial Telegram Company and Charles G-. Wilson, as president of the New York Mining Stock and National Petroleum Exchange, and as the Commercial Telegram Company desired such a determination, it demanded it in its amended answer, a copy of which was also served on the defendant Charles Gr. Wilson, as president of the New York Mining Stock and National Petroleum Exchange, August 30, 1886.
The plaintiff in the first action is a member of the New York Mining Stock and National Petroleum Exchange, which is an unincorporated association, consisting of more than seven persons, and the rights which he seeks to enforce are such as belong to him as such member, and no other, and the reason stated in his complaint for making the exchange a defendant is because it, with its president, Charles G\ Wilson, and other officers, had refused to be a party plaintiff, or join or participate in the action. The exchange afterwards reconsidered its refusal and began the second action.
The controversy is between the New York Mining Stock and National Petroleum Exchange and the Commercial Telegram Company as to the right of the former to use certain telegraph instruments belonging to the latter, and to receive through them for its members certain news which the latter is accustomed to collect and transmit. The relief asked for in the two actions is substantially identical. The facts upon which the claim to such relief is based are identical. If the plaintiff in either action is successful, a judgment may be entered fully protecting the rights of the plaintiffs in both actions.
August 31st an order was obtained in the first action by the Commercial Telegram Company, defendant, requiring the other parties, plaintiff and defendant, to show cause why the two actions should not be consolidated, or all proceedings in the second action stayed pending the final determination of the first action.
September 1st an order was obtained by the plaintiff in the first action, requiring the defendant to show cause why that action should not be discontinued. These orders to show cause have been heard and considered together.
A suitor has a right to discontinue any action or proceeding commenced by him except when substantial rights of other parties have accrued and injustice will be done to them by permitting the discontinuance. Matter of Butler, 101 N. Y., 307.
Two reasons are urged on behalf of the Commercial Telegram Company why the first action should not be discontinued:
*177 First. Such discontinuance might take away or imperil defendant’s remedy upon the undertaking given on procuring the injunction in that action.
Second. The Commercial Telegram Company has put itself in a position under section 521 of the Code to obtain affirmative relief against its co-defendant Wilson, and therefore the discontinuance should be refused.
Neither of these reasons are well founded. The injunction having been dissolved upon a hearing of the parties, a discontinuance of the action at the instance of the plaintiff will be such a final determination that the plaintiff was not entitled to the injunction, as will sustain an action upon the undertaking to recover the defendant’s damages, and a reference may be had notwithstanding the discontinuance to ascertain the amount of such damages. Carpenter v. Wright, 4 Bosw., 655; Taake v. Schmidt, 19 How. Pr., 413; Pac. Mail Steamship Co. v. Leuling, 7 Abb. (N. S.), 37; Methodist Churches v. Barker, 18 N. Y., 463.
No right of the defendant under the undertaking will be imperilled or affected by the discontinuance asked for. The amended answer served by the Commercial Telegram Company asks no affirmative relief against the plaintiff in the first action. It does ask such relief as against the co-defendant Wilson, but he has neither been served nor appeared in the action, and section 521 of the Code permits the answer of a defendant to be served only upon the attorney of a co-defendant to be affected by the determination—in other words, the proceeding can be taken only against a co-defendant who has appeared in the action. The service of the amended answer upon Wilson personally, or upon his attorneys in another action, has given no right, substantial or otherwise, to the defendant, the Commercial Telegram Company, which will be injuriously affected by the discontinuance of the action.
The plaintiff should be permitted to discontinue his action upon the payment of the costs by the Commercial Telegram Company defendant, to be taxed, and ten dollars costs of opposing this motion.
The discontinuance of the first action necessarily disposes of tho questions presented by the other order to show cause, which should be dismissed and the relief sought thereby denied.